,Pleading and practice; attorneys; dual role of advocate and witness. — On October 28, 1976 the court' entered the following order. ...
Before Cowen, Chief J.udge, Davis, Skelton, Nichols, Kashiwa, Kttnzis and Bennett, Judges, En Bo/nc.
“This case comes before the court on defendants request for prompt review of the order, of Trial Judge Harry E. Wood, dated September 3,1976, clarifying the status of counsel for plaintiff, and on defendant’s motion for oral argument thereon, as well as its suggestion for a hearing en banc. The court has considered those documents and the plaintiff’s .response thereto.
. “The court accepts defendant’s suggestion that the matter be considered en banc and so orders, but denies the motion for oral argument.
“The request for review brings before us the Trial Judge’s order that plaintiff’s counsel may continue in the case al *367 though counsel intends to call a member of his law firm as a witness to testify at the trial. The court agrees with the Trial Judge’s order. Disciplinary Rules 5-101 and 5-102, which concern the situation of the law firm’s member being called as a witness, are primarily for the benefit of clients and courts, not to protect or further the interests of opposing counsel (the status of the Department of Justice in this case) or the opposing' party (the status of the defendant in this case). Here, as the Trial Judge has pointed out, the ‘plaintiff, with full awareness of defendant’s questioning of plaintiff’s continued representation by the law firm, has stated that withdrawal would work grave hardship, result in unfairness, and cause inordinate expense, and has urged “in the strongest terms possible” that the law firm continue to represent it in this litigation.’ In addition, there are other, circumstances which support the view that neither the plaintiff nor the court will be harmed by the continuance of present counsel, and we can conceive of no injury to any proper interest of the defendant or the Department of Justice. The court concurs with the Trial Judge that, as Disciplinary Rules 5-101 and 5-102 should be interpreted, no violation thereof has been shown in this case.
“it is therefore ordered that the Trial Judge’s order of September 3,1976, is affirmed and the defendant’s.request for review is denied.”